UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

3 EAGLES AVIATION, INC.                    CIVIL ACTION

VERSUS                                      NO: 03-2889

WAYNE M. ROUSSEAU, ET AL.                  SECTION: "R"(5)

### ORDER AND REASONS

Plaintiff 3 Eagles Aviation moves for the entry of partial final judgment on certain of its claims in this action under Federal Rule of Civil Procedure 54(b). Defendants have not responded to plaintiff's motion. For the reasons stated below, the Court GRANTS plaintiff's motion.

I.  BACKGROUND

In late 1997, defendant Wayne M. Rousseau personally and unconditionally guaranteed two promissory notes executed between 3 Eagles and Rollins Air S. De R.L. Rollins Air missed several payments on the notes, and 3 Eagles made demand on Mr. Rousseau. Mr. Rousseau never responded to 3 Eagles' demands.

On January 22, 2002, Mr. Rousseau sued 3 Eagles in this Court for a declaration that the guarantees he executed on the notes were a nullity. On September 30, 2002, the Court held Mr. Rousseau unconditionally liable for the notes. The Court entered judgment against Mr. Rousseau and in favor of 3 Eagles in the amount of $1,341,462.14, plus interest. The Court also entered a judgment for attorney's fees in favor of 3 Eagles against Mr. Rousseau in the amount of $49,660.68 on April 2, 2003. To date, 3 Eagles has seized and collected only a portion of the money owed by Mr. Rousseau.

On October 15, 2003, 3 Eagles sued Mr. Rousseau and other defendants in this Court for revocation of a number of transactions by Mr. Rousseau. 3 Eagles asserted that the transactions were subject to revocation because Rousseau entered into them while he owed an antecedent debt to 3 Eagles and because the transactions caused or increased Mr. Rousseau's insolvency. On January 5, 2005, the Court granted 3 Eagles' motion for summary judgment to revoke six conveyances of real property. On March 15, 2005, the Court granted 3 Eagles' motion for summary judgment to revoke certain transfers of mortgage proceeds from Mr. Rousseau to his ex-wife. Beyond these two grants of summary judgment, the parties have settled nearly all of the claims remaining in this action. According to 3 Eagles,

only one claim currently remains at issue in this action.

3 Eagles now seeks entry of a partial final judgment pertaining to those claims on which it was granted summary judgment by this Court's January 5, 2005 order.

**II.  DISCUSSION**

In cases involving multiple claims or multiple parties, Federal Rule of Civil Procedure 54(b) permits a district court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties involved . . . upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."  Fed. R. Civ. P. 54(b).  Before a court can enter judgment pursuant to Rule 54(b), the court must find both that the judgment is "final," in the sense that it the court's ultimate determination on the particular claim at issue, and that there is no just reason to delay the entry of final judgment.  *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980); *Gulf Belting & Gasket Co. v. Select Ins. Co.*, No. Civ.A. 04-2397, 2005 WL 3543785, at *1 (E.D. La. Nov. 15, 2005).  In determining whether there is any just reason to delay the entry of final judgment, a court should consider the equities of the case, as well as the interests of judicial administration, including the federal policy against piecemeal appeals.  *See Curtiss-Wright Corp.*, 446 U.S. at 8.

Applying those standards here, the Court finds that the entry of a partial final judgment is appropriate. The claims adjudicated by the Court's January 5, 2005 order granting summary judgment in favor of 3 Eagles have been finally decided for purposes of Rule 54(b), as the January 5 order represented this Court's ultimate ruling that six discrete conveyances of real property were subject to revocation. No action remains to be taken on those claims save the entry of final judgment.

The Court also finds that there is no just reason for delaying the entry of final judgment as to those claims. First, it is of note that no defendant responded either to 3 Eagles' motion for summary judgment on those claims or to its motion for entry of partial final judgment. Delaying the entry of final judgment will serve no purpose other than to further delay 3 Eagles' efforts to collect on its earlier judgment. Moreover, although one claim remains at issue in this litigation, the entry of a partial final judgment will not offend the policy against piecemeal appeals because the claims decided in the January 5 order are distinct and severable from the remaining claim in this action. *See Curtiss-Wright Corp.*, 446 U.S. at 8 (district court appropriately considered whether adjudicated claims were severable from remaining claims "such that no appellate court

would have to decide the same issues more than once").[1] Accordingly, the entry of a partial final judgment is appropriate in this case.

**III. CONCLUSION**

For the reasons stated above, the Court GRANTS plaintiff's motion for partial final judgment as to the claims adjudicated by this Court's January 5, 2005 order granting partial summary judgment in favor of 3 Eagles.

New Orleans, Louisiana, this __17th__ day of January, 2006.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[1] In any event, Mr. Rousseau has already once appealed the Court's January 5, 2005 order. (*See* Rec. Doc. No. 83). The Fifth Circuit dismissed the appeal for want of prosecution. (*See* Rec. Doc. No. 105).